UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL H., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:17-cv-00447-JAW |
| | ) |
| SOCIAL SECURITY ADMINISTRATION | ) |
| COMMISSIONER, | ) |
| | ) |
| Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## The Administrative Findings

The Commissioner's final decision is the September 19, 2017 decision of the Appeals Council. (ECF No. 9-2.) The Appeals Council adopted the ALJ's findings through Step 4 of the sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920. (R.

6.) The Appeals Council modified Defendant's step 5 determination. (R. 7.)

Defendant found that Plaintiff has severe, but non-listing-level impairments consisting of anxiety and affective disorders; that Plaintiff has the residual functional capacity (RFC) for work at all levels of exertion, provided the work consists of simple, routine tasks and simple decisions, with few changes in routine, involves no more than occasional interaction with coworkers and no work in tandem with others, involves no more than frequent supervisor interaction, and does not involve public interaction; that Plaintiff can no longer perform past relevant work; and that Plaintiff is able to perform other substantial gainful activity existing in the national economy. (R. 7, 37, 40, 41.)

The ALJ, based on her findings and the testimony of a vocational expert, determined that Plaintiff is not disabled because he is able to perform representative light exertion occupations such as linen grader and assembler, using section 202.14 of the Medical-Vocational Guidelines as a framework for her opinion. (R. 41.) The Appeals Council determined that Plaintiff is not disabled based on section 204.00 of the Medical-Vocational Guidelines, finding that Plaintiff is able to perform work at all exertional levels and that Plaintiff's mental impairments do not significantly impair his ability to perform work-related activities. (R. 7.)

## Standard of Review

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*,

2

819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## Discussion

Plaintiff argues Defendant's decision should be vacated and his claims remanded because (1) the Appeals Council failed to consider a medical opinion and a vocational expert opinion Plaintiff filed with the Appeals Council after the ALJ issued her decision; (2) the ALJ erroneously concluded that Plaintiff's back impairment and attention deficit hyperactivity disorder (ADHD) were not severe impairments, and failed to recognize limitations caused by Plaintiff's chronic back pain and difficulties maintaining attention; (3) the RFC findings are not supported by substantial evidence; and (4) the Appeals Council erred when it concluded that the nonexertional limitations described in the RFC finding would not significantly erode the occupational base, such that a not disabled finding based exclusively on the Guidelines would be supportable.

1. **Rejection of New Evidence Introduced on Appeal**

The ALJ issued her decision on March 28, 2016, and Plaintiff timely requested review by the Appeals Council. (R. 24.) On May 25, 2016, the Appeals Council notified Plaintiff that it was reviewing the ALJ's decision, that it found the decision was not supported by substantial evidence (R. 10), and that it planned "to make a decision again

3

finding that [Plaintiff is] not disabled." (R. 11.) The Appeals Council explained that it believed the ALJ erred when she applied the framework of Guideline 202.14 because the Guideline applies to individuals limited to light work, and Plaintiff did not have an exertional limitation. (*Id.*) The Appeals Council proposed finding Plaintiff not disabled based on Guideline 204.00. (*Id.*) The Appeals Council informed Plaintiff, however, that Plaintiff could submit additional evidence for the Council's consideration if the evidence was "new, material, and relate[d] to the period on or before the date of the hearing decision," and "there is a reasonable probability that the additional evidence would change the outcome." (R. 10, 11.)

Plaintiff supplied the Appeals Council with two items of evidence: a Maine Department of Health and Human Services "Employability Form" completed by Leslie Dixon, M.D., on June 1, 2016 (R. 20); and an affidavit prepared by David Meuse, a vocational expert retained by Plaintiff's counsel. (ECF No. 13-1.) The Appeals Council determined that the evidence did not relate to the period under review. (R. 5.)

Plaintiff argues the Appeals Council erred when it did not "substantively consider" the supplemental evidence because the evidence clearly related to the relevant period. In support of his argument, Plaintiff cites *Hamm v. Berryhill*, No. 2:16-cv-627-DBH, 2017 WL 6029588 (D. Me.) (remanding administrative decision where Appeals Council incorrectly found that new VA rating evidence was "about a later time" and failed to consider it). (Statement of Errors at 5 – 6.)

    *a. David Meuse Affidavit*

Through his affidavit, David Meuse opined that none of the jobs cited by the ALJ

4

in support of her step 5 finding would be compatible with the ALJ's finding that Plaintiff's RFC does not permit "detailed" work. According to Mr. Meuse, the Dictionary of Occupational Titles (DOT) provides that the identified jobs require a GED reasoning level of 2, which consists of "detailed but uninvolved written or oral instructions." Because the DOT defines the jobs as "detailed but uninvolved," and because the ALJ gave great weight to an opinion finding Plaintiff is markedly limited in his ability to carry out detailed instructions, Mr. Meuse opined that Plaintiff could not perform the identified jobs.

Defendant, citing *Pepin v. Astrue*, No. 2:09-cv-464-GZS, 2010 WL 3361841, at * 2 – 5, *rec. dec. adopted*, 2010 WL 3724286 (D. Me.), contends Mr. Meuse's opinion is immaterial because it is contrary to district precedent. (Response at 2 – 4.) In *Pepin*, this Court considered whether jobs having a "generalized educational development" (GED) reasoning score of 2 in the DOT are categorically precluded for social security disability claimants who have a residual functional capacity that restricts them to "simple" work that does not involve "detailed" instructions. *Id.* The Court joined an increasing number of courts that have concluded that GED reasoning 2 jobs can be performed by persons with a mental residual functional capacity for only "simple" work, because the "detailed but uninvolved" language of the DOT is most appropriately construed in this manner. *Id.* at * 4 – 5. *See also Little v. SSA Comm'r*, No. 1:10-cv-96-JAW, 2010 WL 5367015 (D. Me.); *Dana v. Astrue*, No. 1:09–cv–514–JAW, 2010 WL 3397465 (D. Me.).

Plaintiff evidently maintains that the Court's construction of the "detailed but uninvolved" DOT language can be rebutted in an individual case by vocational expert testimony, including by affidavit, when the vocational expert called by the ALJ at the

5

hearing testifies that a hypothetical person with an RFC for simple work can perform a job having a GED reasoning score of 2.

At step 5 of the sequential evaluation process, the Commissioner bears the burden of production, and must establish that there are jobs the claimant can perform in light of the claimant's residual functional capacity and vocational profile, and that the jobs exist in the national economy in significant numbers. 20 C.F.R. §§ 404.1560(c), 416.960(c). The burden typically is addressed through a combined reliance on the Medical—Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and the testimony of a vocational expert, who is asked to consider one or more hypothetical RFC findings. *Goodermote v. Sec'y of HHS*, 690 F.2d 5, 7 (1st Cir. 1982); *Arocho v. Sec'y of HHS*, 670 F.2d 374, 375 (1st Cir. 1982). The administrative process permits a claimant to question the vocational expert, and to clarify or develop the vocational expert's testimony. Additionally, Social Security Ruling 96-9p provides that, "[w]henever a VE is used, the individual has the right to review and respond to the VE evidence prior to the issuance of a decision." 1996 WL 374185, at *9 n.8 (S.S.A. July 2, 1996).

In the recent case of *Palombo v. Berryhill*, the District of New Hampshire concluded that submission of a vocational expert affidavit is an appropriate means to respond to vocational expert testimony elicited by the ALJ at the hearing. No. 1:17-cv-284, 2018 WL 3118286, at *4 – 5 (D.N.H.) (citing *McClesky v. Astrue*, 606 F.3d 351, 354 (7th Cir. 2010) ("[T]he submission and consideration of post-hearing evidence are common in social security disability cases—especially evidence consisting of 'posthearing affidavits of experienced workers, supervisors, etc., to rebut vocational "expert" testimony which

6

cannot be anticipated prior to hearing,' [Richard C.] Ruskell, [Social Security Claims Handbook] § 9:88 [2009], since the claimant has no clue to what the vocational expert will testify until the end of the hearing.").

In *Palombo*, the plaintiff submitted an affidavit by Mr. Meuse stating that a claimant with IQ scores in the fifth percentile of ability would be precluded from almost all competitive employment. *Id.* at *3. In other words, the court in *Palombo* understandably considered the affidavit as it was designed to address the testimony of the vocational expert. Here, the affidavit is designed to address the legal determination made in *Pepin*. (Meuse Affidavit ¶ 9, ECF No. 13-1, PageID # 865: "A person with a marked limitation in the ability to carry out detailed instructions could not perform the three jobs listed here, all of which require the ability to understand, remember and carry out detailed, though uninvolved, instructions," i.e., because they are GED reasoning 2 jobs.).[1] Because Plaintiff in essence seeks use of the affidavit of Mr. Meuse to rebut a governing legal principle. Plaintiff's argument fails.

### b. Dr. Dixon

On June 1, 2016, Leslie Dixon, M.D., completed a Maine Department of Health and

---

[1] Mr. Meuse expressed his opinion in relation to the vocational impact of a finding that Plaintiff was markedly limited in the ability to carry out detailed instructions. The finding of a "marked" limitation is not a residual functional capacity assessment. *See Hayes v. Astrue*, No. 2:10-cv-42-DBH, 2010 WL 5348757, at *2 – 3, *rec. dec. adopted*, 2011 WL 148583 (D. Me.). The salient issue is whether a claimant having a RFC for "simple" work can perform GED reasoning 2 jobs. *Pepin* upholds the Commissioner's administrative position that GED reasoning 2 jobs are not precluded by a restriction to "simple" work. In making a decision at step 5 of the sequential evaluation process, the Commissioner is entitled to rely on certain administrative guidelines to resolve claims in a "streamlined" fashion. *Ortiz v. Sec'y of HHS*, 890 F.2d 520, 524 (1st Cir. 1989). Although the step 5 decision in this case was based on the framework of the guidelines, with the assistance of vocational expert testimony, the *Pepin* case effectively authorizes the Commissioner to treat it as established that GED reasoning 2 jobs are not precluded by an RFC for simple work.

Human Services "Employability Form," and Plaintiff forwarded the form to the Appeals Council. (R. 20.) In the form, Dr. Dixon opined that Plaintiff can stand or walk for no more than 2 hours and sit for no more than 2 hours; and that Plaintiff is "extremely limited" in multiple areas of mental functioning, including maintaining attention and concentration. (*Id.*) In support of her opinion, Dr. Dixon cited preexisting records maintained by her practice, and diagnoses that include ADHD and chronic neck, back, and shoulder pain. (*Id.*) She also appears to reference an evaluation that occurred in September 2015 when she identified certain "physical abilities and limitations." (*Id.*) In addition, where the form asks "When did these limitations begin?," Dr. Dixon wrote, "1993 then May 2012." (*Id.*)

Defendant argues the Appeals Council correctly concluded the opinion concerned a different period of time because the form Dr. Dixon completed does not reflect, and the record does not otherwise suggest, that Dr. Dixon examined Plaintiff prior to the date on which the ALJ issued her decision. Defendant observes that Dr. Dixon wrote that Plaintiff "is unable to work," which is a present tense assessment that does not relate to the period considered by the ALJ. (Response at 4 – 5.)

In *Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *5 (D. Me.), the Court determined that the ALJ could rely on a present tense opinion to conclude the opinion reflected the claimant's current condition. *Pierce*, however, does not stand for the proposition that whenever a medical expert uses the present tense, the decision-maker can or must conclude the expert is not referencing an earlier time. As the Court's analysis in *Pierce* reflects, the circumstances in which the opinion is offered must be considered. In this case, contrary to the circumstances in *Pierce* (i.e., a present tense opinion in 2007 with

8

a date last insured in 1994), the circumstances, including Dr. Dixon's reference to the results of a 2015 evaluation and the date she reports Plaintiff's limitations began, do not support the conclusion that on the "face of" the opinion, it is apparent Dr. Dixon's record reflects Plaintiff's condition as of the date of the record rather than some earlier time. *Id*.

The First Circuit has determined that "an Appeals Council refusal to review the ALJ may be reviewable where it gives an egregiously mistaken ground for this action." *Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir. 2001). The Court also observed that "[i]f the Appeals Council mistakenly rejected the new evidence on the ground that it was not material, … a court ought to be able to correct that mistake." *Id*. at 6. Consistent with this view, this Court in *Hamm* remanded the matter for further proceedings when the Appeals Council failed to consider evidence after erroneously concluding that the evidence related to a different time period. *Hamm*, No. 2:16-cv-627-DBH, 2017 WL 6029588 (D. Me.).

In this case, Defendant's arguments in support of the Appeals Council's decision to disregard the evidence (i.e., lack evidence that Dr. Dixon examined Plaintiff before the ALJ decision, Dr. Dixon's use of a present tense verb) were not articulated by the Appeals Council as the bases of its conclusion that the decision related to another time period. Instead, the Appeals Council summarily concluded the "evidence does not relate to the period at issue." (R. 5.) The Appeals Council disregarded, or at least did not discuss, the fact that Dr. Dixon incorporated in her findings the results of a 2015 evaluation of Plaintiff or the fact that she wrote the limitations began in 1993 and 2012. The Appeals Council's decision appears to be based upon the date of Dr. Dixon's exam and her use of a present tense verb. The mere fact that a medical opinion is based in part on an examination that

9

occurred after the date of the ALJ's decision does not foreclose the examining medical expert from offering an opinion on the duration of a medical condition. The issues identified by Defendant, including the fact that Dr. Dixon apparently did not examine or treat Plaintiff prior to the ALJ's decision, might go to the weight to be accorded the evidence, but do not support the conclusion that the "evidence does not relate to the period at issue." (R. 5.) Consistent with the First Circuit's reasoning in *Mills* and this Court's decision in *Hamm*, therefore, the Appeals Council erred when it failed to consider the opinion of Dr. Dixon. The issue is whether the Appeals Council's failure to consider the evidence warrants a remand.

**2. Step 2 Finding That Back and ADHD Impairments Were Not Severe**

At step 2 of the sequential evaluation process, a claimant must demonstrate the existence of impairments that are "severe" from a vocational perspective, and that the impairments meet the durational requirement of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The step 2 requirement of "severe" impairment imposes a *de minimis* burden, designed merely to screen groundless claims. *McDonald v. Sec'y of HHS*, 795 F.2d 1118, 1123 (1st Cir. 1986). An impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28). In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis. *Id.*

At step 2, medical evidence is required to support a finding of severe impairment. 20 C.F.R. §§ 404.1521, 416.921. *See also* Social Security Ruling 96-3p ("Symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a medically determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s).") (citation omitted). A diagnosis, standing alone, does not establish that the diagnosed impairment would have more than a minimal impact on the performance of work activity. *Dowell v. Colvin*, No. 2:13-cv-246-JDL, 2014 WL 3784237, at *3, *rec. dec. adopted* (D. Me.). Moreover, even severe impairments may be rendered non-severe through the ameliorative influence of medication and other forms of treatment. *Laliberte v. SSA Comm'r*, No. 2:17-cv-308-JCN, 2018 WL 1902364, at *2 (D. Me.); *Parsons v. Astrue*, No. 1:08-cv-218-JAW, 2009 WL 166552, at *2 n.2, *rec. dec. adopted*, 2009 WL 361193 (D. Me.).

If error occurred at step 2, remand is only appropriate when the claimant can demonstrate that an omitted impairment imposes a restriction beyond the physical and mental limitations recognized in the Commissioner's RFC finding, and that the additional restriction is material to the ALJ's "not disabled" finding at step 4 or step 5. *Socobasin v. Astrue*, 882 F. Supp. 2d 137, 142 (D. Me. 2012) (citing *Bolduc v. Astrue*, No. 1:09–cv–220–JAW, 2010 WL 276280, at *4 n. 3 (D. Me.) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.")).

Plaintiff contends his back impairment and ADHD are severe insofar as the medical record establishes the conditions as longstanding. (Statement of Errors at 7 – 11.) Defendant in part argues that remand is not appropriate because "no treating physician opined that Plaintiff had any physical restrictions because of his back pain." (Response at 7.) Without Dr. Dixon's opinion, Defendant's argument might be persuasive. Dr. Dixon, however, in the report the Appeals Council did not consider, determined that chronic pain, including pain from degenerative disc disease and osteoarthritis, significantly restricts Plaintiff's ability to stand, walk and sit for appreciable durations. (R. 20.)

Defendant argues, alternatively, that Dr. Dixon's opinion does not require further administrative process because it is merely cumulative of other opinion evidence rejected by the ALJ, and because the opinion does not reveal anything about Dr. Dixon's treating relationship with Plaintiff that would entitle the opinion to any special consideration under the treating relationship rule. (Response at 5; *see also* Response at 6 – 14 (discussing ALJ's explanation for rejecting claims of severe back pain and severe ADHD).) The cumulative argument presumably relates to the opinion of Stacey Beneck, PA-C. (Ex. 4F, 13F.) The ALJ rejected Ms. Beneck's opinion, in part, because then-applicable rules provided that a physician's assistant is not an "acceptable medical source." That same reasoning does not apply to Dr. Dixon.[2] In this way, Dr. Dixon's opinion is not cumulative.

Defendant further argues that Dr. Dixon's opinion does not warrant serious

---

[2] The ALJ also rejected Ms. Beneck's opinion for other reasons that do not apply to Dr. Dixon's opinion. The ALJ noted that Ms. Beneck did not complete the majority of the form, did not perform a function-by-function analysis, and did not have the information needed to formulate a reliable RFC. (R. 35.)

consideration because Dr. Dixon evidently did not have contact with Plaintiff until after the date of the ALJ decision. Even if Dr. Dixon first met with Plaintiff after the ALJ issued her decision, as discussed above, Dr. Dixon had access to Plaintiff's longitudinal records, some of which she referenced, and the benefit of an examination of Plaintiff. Dr. Dixon's opinion, therefore, constitutes the opinion of an established treatment provider regarding the relevant time period, which opinion was submitted to the Appeals Council prior to the date of Defendant's final administrative decision. The Appeals Council, therefore, should have discussed the opinion and, in the event it found the opinion unpersuasive, provided "good reasons" for rejecting it. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *McAllister v. Colvin*, 205 F. Supp. 3d 314, 333 n.4 (E.D.N.Y. 2016) ("'Where newly submitted evidence consists of findings made by claimant's treating physician, the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to a treating source's medical opinion'" (quoting *James v. Comm'r of Soc. Sec.*, No. 06-cv-610, 2009 WL 2496485 at *10)). The Appeals Council did not consider the opinion and thus did not articulate good reasons for rejecting the opinion. Given that Dr. Dixon has assessed disabling limitations based, in part, on chronic back pain and ADHD impairments that the ALJ found non-severe, the record does not suggest that remand would be an "empty exercise." [3] Accordingly, the Appeals Council's failure to consider Dr. Dixon's opinion

---

[3] "Pursuant to the rule of *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), a reviewing court cannot affirm an agency's decision on the basis of a post hoc rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker. An exception to the *Chenery* rule exists when a remand will amount to no more than an empty exercise because, for example, application of the correct legal standard could lead to only one conclusion." *Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10, *rec. dec. adopted*, 2013 WL 214571 (citations and internal punctuation omitted).

was not harmless error.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of August, 2018.