UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL H., )<br>  )<br>    Plaintiff )<br>  )<br>v. )<br>  )<br>ANDREW M. SAUL, Commissioner )<br>of Social Security, )<br>  )<br>    Defendant ) | 2:17-cv-00447-JAW |

**RECOMMENDED DECISION ON MOTION FOR ATTORNEY FEES**

On Plaintiff's appeal from Defendant's denial of Plaintiff's claim for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, the Court ordered a remand for further proceedings. (Order, ECF No. 24.) On remand, Defendant awarded benefits to Plaintiff, including past-due benefits in the amount of $55,140.

The matter is before the Court on counsel's motion for fees pursuant to 42 U.S.C. § 406(b). (Motion for Award of Fees, ECF No. 30.) Through the motion, counsel seeks an attorney fee award based on counsel's contingent fee agreement with Plaintiff. Defendant previously approved a fee of $6,000 for work at the administrative level, pursuant to § 406(a). Citing the contingent fee agreement, which authorizes a 25% fee, counsel seeks an additional award of $13,700 for work before this Court.[1] (Motion at 1.)

---

[1] The $6,000 administrative award reflects the maximum award available under the social security program. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009); *see also* 42 U.S.C. § 406(a)(2)(A).

The amount of the requested contingent fee would be based on the amount Plaintiff recovered in past-due benefits. Defendant argues that the fee sought by counsel exceeds the amount permitted by the contingent fee agreement. After consideration of the parties' arguments, I recommend the Court grant Plaintiff's motion.

## BACKGROUND

On June 25, 2019, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (EAJA), following a judgment remanding the case to the Commissioner pursuant to 42 U.S.C. § 405(g), the Court awarded Plaintiff attorney fees and costs in the amount of $9,584.45. (Order, ECF No. 29.) Because a portion of the EAJA fees were subject to an offset,[2] Plaintiff's counsel received $9,199.45. If the Court were to grant the instant motion for fees, Plaintiff's counsel would be required to remit the $9,199.45 that was paid.

On remand, the ALJ determined that Plaintiff was disabled and awarded Plaintiff disability benefits and past due benefits of $55,140. As part of the administrative proceedings, pursuant to 42 U.S.C. § 406(a), Defendant separately awarded counsel fees of $6,000. (Notice of Award at 6, ECF No. 30-1.)

Plaintiff and his counsel had two separate contracts for legal services. The first contract was for legal services at the administrative level, which provides for a maximum contingent fee of twenty-five percent of past due benefits in an amount not to exceed the cap of $6,000 under 42 U.S.C. § 406(a). (Contingent Fee Agreement ¶ 3, ECF No. 32-1.)

---

[2] The Treasury Department withheld $385.00 to satisfy Plaintiff's outstanding child support obligation. (*See* Notice of Offset, ECF No. 30-6.)

As noted, Defendant approved a fee of $6,000 under that contract. (Notice of Award at 6.) The second contract was for legal services before this Court. (Second Contingent Fee Agreement, ECF No. 30-4.) Under the second agreement, subject to court approval, Plaintiff is required to pay counsel a fee equal to twenty-five percent of the total of any past due benefits awarded to Plaintiff.[3] (Second Contingent Fee Agreement ¶ 3.A.)

The itemization attached to counsel's motion reflects that counsel and a paralegal devoted 47 hours and 1.60 hours of time, respectively, toward obtaining the Court's 2019 judgment of remand. (Itemization, ECF No. 30-5.) Counsel asserts that his usual and customary hourly fee rate is $350, which he contends is a reasonable rate for an attorney of counsel's age and experience in the Portland area. (*See* Motion at 4.)

## DISCUSSION

### A. Legal Standard

The Social Security Act provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, … certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(a).

---

[3] Twenty-five percent of $55,154 is $13,788.50. Counsel seeks a contingent fee of $13,700.

"In *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002), the Supreme Court was explicit that contingent fees up to a maximum of 25% are permitted, not disfavored, in social security cases." *Siraco v. Astrue*, 806 F. Supp. 2d 272, 274 (D. Me. 2011). The contingent fee is the "primary means" of measuring an appropriate fee award. *Id.* (quoting *Gisbrecht*, 535 U.S. at 807). A lawyer must demonstrate that the award is reasonable for the services rendered. *Id.* Factors that would support a downward adjustment from the twenty-five percent contingent fee benchmark include issues with the quality of the representation or results, attorney delay that increased the size of the claimant's retroactive award, or a very limited amount of time expended in the representation. *Id.* at 275.

The Social Security Act allows for a reasonable fee to be awarded both for representation before the Court under section 406(b), as well as for representation at the administrative level under section 406(a). The twenty-five percent cap under section 406(b)(1)(a) "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019).

**B. Analysis**

Defendant does not dispute that an award is appropriate in this case. Defendant argues, however, that Plaintiff's contingent fee agreement for the appeal to this Court caps counsel's fees to twenty-five percent of Plaintiff's past due benefits for his work both at the administrative level and in the appeal before this Court. While the Supreme Court in *Culbertson* determined that "the amount of past-due benefits that the agency can withhold for direct payment does not limit the amount of fees that can be approved for representation before the agency or the court," 139 S. Ct. at 523, Defendant contends that Plaintiff and

4

counsel contracted for a fee less than the maximum authorized by statute. (Def. Opposition at 4, ECF No. 31.)

In support of its construction of the parties' agreement, Defendant cites a footnote in *Ouellette v. Berryhill*, No. 17-cv-409-SM, 2019 WL 1992909 (D.N.H. May 6, 2019), which involved Plaintiff's counsel's law firm and a contingent fee agreement with the language of the second agreement at issue here. *See* 2019 WL 1992909, at *1. The court in *Ouellette* noted that "the parties' fee agreement limits counsel's fee to 25 percent total of [plaintiff's] past-due benefits," and that *Culbertson* therefore was inapplicable. *Id*. at 1 n.1.

Defendant's argument is unpersuasive. The contested issue in *Ouellette* was whether counsel was entitled to fees under the EAJA. The issue presented in this case was not contested in *Ouellette* insofar as the plaintiff sought (and was granted) a fee amounting to 25 percent of the plaintiff's past due benefits when the court-approved fee was added to the $6,000 fee previously rewarded pursuant to section 406(a). In *Ouellette*, the Commissioner did not object to the plaintiff's request for fees under § 406(b).

Here, there are two separate fee agreements. The first, for counsel's work at the administrative level, specifically provides that the "fee agreement does not apply to work in the federal court and there will be a separate fee agreement dealing with the court work." (ECF No. 32-1 ¶ 6.) The second fee agreement, entitled "Contingent Fee Agreement for Representation Before the Court," states that counsel will provide services "in connection with an appeal to United States District Court." (ECF No. 30-4 ¶ 2.) For that representation, Plaintiff agreed to pay a fee "equal to twenty five percent (25%) of the total

5

amount of any past-due benefits awarded" to the Plaintiff. (*Id.* ¶ 3(A).) The second agreement applies to the appeal to this Court and provides for a separate 25% contingent fee, consistent with *Culbertson*, for work performed by counsel on the appeal.

Because the amount requested will result in an award of no more than twenty-five percent of the past due benefits awarded to Plaintiff, and because the amount requested is reasonable when the time devoted to the matter and the overall representation are considered, the fee requested is supported by the record and appropriate.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Plaintiff's motion and approve an attorney fee in the amount of $13,700.[4]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of April, 2020.

---

[4] Pursuant to 42 U.S.C. § 406(b)(1)(a), if the Court adopts the recommendation, upon acceptance of the fee award, counsel must remit to Plaintiff the EAJA award of $9,199.45 previously awarded by the Court.